1840.

<span style="float:right">ASTOR<br>v.<br>WARD.</span>

ASTOR v. WARD and others.

---

The Vice-Chancellor will not, by order, interfere with the effect of any decree pronounced by the assistant Vice-Chancellor.

---

JOINT mortgage by George A. Ward and William Power to the complainant ; and Power afterwards gave the complainant a mortgage to secure an instalment due on the first mentioned. Then Power sold out to Ward his rights in the property embraced by the joint mortgage ; and ultimately and subject to the lien, it passed into the hands of the defendant McVickar.

*January* 6, 1840.

*Assistant Vice-Chancellor.*

*Practice.*

The complainant filed a bill of foreclosure under both the mortgages ; and a decree was made by the assistant Vice-Chancellor Hoffman allowing the complainant to elect as to which property he would have first sold. It contained no direction as to any receivership of rents. The defendant, Power, appealed to the Chancellor from the decree ; and while it was pending and on this day, presented a petition to Vice-Chancellor McCoun that a receiver might be appointed over the estate held by McVickar and that the latter be restrained from receiving the rents and profits.

Mr. *Giles*, for the petitioner.

Mr. *Miller*, contra.

THE VICE-CHANCELLOR:—If the assistant Vice-Chancellor's conclusion and the decree which he has finally made be correct, then the petitioner has no right to have a receiver appointed over the property of his co-defendant McVickar.

It is not for me to say whether the decree is erroneous or not. The Chancellor alone must judge of that on the appeal ; and as it appears to be the determination of the petitioner to carry on the appeal, the Chancellor will have the whole case before him on the merits. In the meantime and until it shall be decided otherwise, I am bound to consider the decree correct ; and, consistently with it, must deny the prayer of this petition.

The petitioner can appeal from my order ; and the Chancellor, being at liberty to look into the merits of the decree and having the power to correct the errors of it, if any, will make the order for the appointment of a receiver or not as he shall think proper.

The prayer of the petition denied, with costs to the defendant McVickar to be taxed.